KTF:BG
F. #2025R00393

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DAVID ORTIZ,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
E.D.N.Y.
*NOVEMBER 3, 2025*
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. 25-cr-343
(T. 18, U.S.C., §§ 371, 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(d)(1), 981(a)(1)(C),
2113(a), 2113(d), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

Judge Eric R. Komitee
Magistrate Judge Peggy Kuo

## COUNT ONE
(Conspiracy to Commit Bank Robbery)

1.     On or about June 2, 2025, within the Eastern District of New York and elsewhere, the defendant DAVID ORTIZ, together with others, did knowingly and willfully conspire to take by force, violence and intimidation, from the person and presence of another, to wit: employees of an armored car service whose identities are known to the Grand Jury (the "Employees"), money belonging to and in the care, custody, management and possession of a bank (the "Bank"), the identity of which is known to the Grand Jury, the deposits of which were insured by the Federal Deposit Insurance Corporation, contrary to Title 18, United States Code, Section 2113(a).

2.     In furtherance of the conspiracy and to effect its objects, on or about June 2, 2025, within the Eastern District of New York and elsewhere, the defendant DAVID ORTIZ, together with others, did commit and cause to be committed, among others, the following overt acts:

2

## OVERT ACTS

(a)    ORTIZ and a co-conspirator, an individual whose identity is known to the Grand Jury ("CC-1"), got out of a sport utility vehicle (the "SUV").

(b)    ORTIZ pointed a firearm at the Employees, who were wheeling bags of money belonging to the Bank from an armored vehicle to the Bank on a hand truck.

(c)    ORTIZ stole a service weapon from an Employee.

(d)    CC-1 removed the bag of money from the hand truck and placed it into the SUV.

(e)    ORTIZ and CC-1 drove away with approximately $542,000 in United States currency belonging to the Bank.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
### (Bank Robbery)

3.    On or about June 2, 2025, within the Eastern District of New York and elsewhere, the defendant DAVID ORTIZ, together with others, did knowingly and intentionally take by force, violence and intimidation, from the person and presence of another, to wit: the Employees, money belonging to and in the care, custody, management and possession of the Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation, and, in committing such offense, assaulted and put in jeopardy the life of one or more persons by the use of a dangerous weapon.

(Title 18, United States Code, Sections 2113(a), 2113(d), 2 and 3551 et seq.)

## COUNT THREE
(Use of a Firearm During a Crime of Violence)

4.    On or about June 2, 2025, within the Eastern District of New York and elsewhere, the defendant DAVID ORTIZ did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Two, and did knowingly and intentionally possess such firearm in furtherance of such crime of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

5.    The United States hereby gives notice to the defendant that, upon his conviction of either of the offenses charged in Counts One and Two, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United States.

6.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

4

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT THREE

7.    The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

8.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

5

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

/s/

_____
FOREPERSON

By: *Whitman G.S. Knapp, AUSA*
    JOSEPH NOCELLA, JR.
    UNITED STATES ATTORNEY
    EASTERN DISTRICT OF NEW YORK